UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60823-CIV-ALTMAN

**SALINAS FALUN SMITH**,

   *Plaintiff*,

v.

**CACIA BATTS**, *et al.*,

   *Defendants.*

_____/

## ORDER

On May 2, 2023, the Plaintiff filed *seventeen* civil-rights complaints under 42 U.S.C. § 1983 in this District. *See Smith v. Conte Jail Facility*, 2023 WL 3276513, at *2 n.1 (S.D. Fla. May 5, 2023) (Ruiz, J.) ("A review of this Court's records on CM/ECF indicates that this Complaint is one of seventeen complaints that were all filed contemporaneously in this Court."). Since three of Smith's seventeen cases were assigned to us, we consolidated the three actions into this case. *See* Consolidation Order [ECF No. 4]. In that order, we "construe[d] all three complaints as a single, combined complaint." *Id.* at 1. But, because Smith has asked to proceed *in forma pauperis* ("IFP"), *see* IFP Motion [ECF No. 3], we must screen his Complaint under the strictures of 28 U.S.C. § 1915(e)(2). After conducting that screening, we agree with our colleagues that Smith has failed to state a claim upon which relief can be granted. We thus **DISMISS** his consolidated Complaint.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted). In contrast, a claim is frivolous when "it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff has little or no chance of success. A district court may conclude a case is [frivolous] when it determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless." (cleaned up)).

Although "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action," *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Smith's consolidated Complaint names five defendants: Cacia Batts and Lora Johnson—a judicial assistant and a courtroom deputy, respectively—who appear to be employed by U.S. Chief Bankruptcy Judge Laurie Selber Silverstein of the U.S. Bankruptcy Court for the District of Delaware, Batts Complaint [ECF No. 1] at 1–2; "Dr. Frank Schmidt, Jr., MD,"[1] a "physician" at "CVT Solutions" who has (allegedly) been fired, Schmidt Complaint [ECF No. 1-2] at 1; Dr. Elizabeth Benjamin, a "trauma medical doctor" at "Grady," Benjamin Complaint [ECF No. 1-3] at 1; and Karim Kharbouch,[2] whose "official position," according to Smith, is "Attempted Murder [sic]," *ibid.* Smith provides *no other* factual details about any of these Defendants. *See generally* Batts Complaint; Schmidt Complaint; Benjamin Complaint. Instead, he's included a 29-page appendix, which consists of a seemingly random assortment of documents: the jail records of a person named "Tony Mathis"; forms from the Broward County Sheriff's Office; several "petitions for a subpoena" addressed to the "Broward County Courthouse"; a photocopy of a Georgia Identification Card for "Salins Acosta Weaver"; a 1040-X Amended Income Tax Return; a high school transcript from Atlanta Public High Schools; and several documents from the State of Georgia—all stamped with the word "Perjury." *See* Appendix [ECF No. 1-1] at 1–29. Smith doesn't explain how any of these documents relate to the five Defendants he's named in his Complaint.

Smith's consolidated Complaint is riddled with many *other* defects, too, but we'll stick to its most glaring deficiency: It doesn't give us *any* facts about what the Defendants did wrong. It thus fails to state a claim under § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting

---

[1] Smith names Dr. Schmidt as a defendant *twice* in the same Complaint. *See* Schmidt Complaint [ECF No. 1-2] at 1.
[2] Mr. Kharbouch is better known by his stage name: "French Montana." *See* Zach Baron, *French Montana: Homecoming*, THE FADER (Sept. 25, 2012), http://www.thefader.com/2012/09/25/french-montana-homecoming/.

under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Nowhere in Smith's Complaint does he allege that any of the Defendants (or anybody else) violated his constitutional rights; he, in fact, doesn't even mention a constitutional provision that *might* have been violated. *See generally* Batts Complaint; Schmidt Complaint; Benjamin Complaint. What's worse, three of the five Defendants—two doctors and a rap artist—are private citizens, not state actors, which means that Smith cannot sue them under § 1983.[3] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, not matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))).

We've alluded to the fact that Smith has filed other complaints in this District. Nearly all of them are identical to our Complaint—a brief list of the Defendants, followed by the same 29-page appendix, and an absence of any factual allegations—which is why our colleagues have uniformly dismissed Smith's complaints as frivolous and for failure to state a claim. *See, e.g.*, *Smith v. Arora*, 2023 WL 3248873, at *2 (S.D. Fla. May 4, 2023) (Ruiz, J.) ("Here, Plaintiff may be attempting to allege claims against a private individual, Dr. Arora, but it is completely unclear from the Complaint. Moreover, Plaintiff does not provide any factual or explanatory support whatsoever for a plausible

---

[3] Defendants Batts and Johnson work for a U.S. Bankruptcy Judge, so they aren't "state actors" either. *See Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) ("[Section 1983] provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law."). It's true that, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court carved out a limited cause of action that serves as an analogue to § 1983 for constitutional claims against *federal* employees, *see Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("Thus, courts generally apply § 1983 law to *Bivens* cases."). But Batts and Johnson are almost certainly entitled to judicial immunity because they're "an integral part of chambers and the judge is the sole and direct supervisor of [their] work. . . . Litigants who are dissatisfied with a judge's decisions should not be allowed to circumvent the absolute immunity provided to judges by forcing his or her staff to testify as to the judge's decision making process." *In re Lickman*, 304 B.R. 897, 904 (Bankr. M.D. Fla. 2004) (Williamson, Bankr. J.).

claim under § 1983. Not only does Plaintiff wholly fail to allege any facts, he further fails to allege any deprivations of a right, privilege, or immunity secured by the Constitution or laws of the United States." (citing *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995))); *Smith v. Albert*, 2023 WL 3277774, at *1 (S.D. Fla. May 5, 2023) (Scola, J.) ("Regardless of how charitably the Court construes Smith's complaint, the contours of his allegations are nonetheless impossible to discern. . . . [H]e supplies no facts or legal basis to support his case or any indication whatsoever that he has a viable § 1983 claim or any other cause of action. . . . Even after reviewing [the twenty-nine pages of exhibits] the Court is unable to discern even a hint of a viable claim for relief."); Order of Dismissal, *Smith v. Century Ind. Co.*, No. 23-21654-CIV (S.D. Fla. May 3, 2023) (Bloom, J.), ECF No. 4 at 2 ("Plaintiff's Complaint states his name and the names of the Defendants but contains no statement of claim whatsoever. The Complaint includes 29 pages of exhibits, . . . [but] [e]ven after reviewing those documents, the Court does not have the faintest idea what this case is about. Wholly devoid of factual allegations, Plaintiff's Complaint fails to state a viable claim for relief." (cleaned up)). We agree and likewise dismiss Smith's Complaint as frivolous and for failure to state a claim.

One more thing. *Pro se* litigants are usually granted leave to amend their complaints if "a more carefully drafted complaint might state a claim[.]" *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). But we needn't extend this courtesy if "there has been undue delay, bad faith, dilatory motive, or a repeated failure to cure deficiencies," if the opposing party would suffer "undue prejudice," or where "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Smith hasn't given us any factual allegations at all, and he doesn't come close to stating a viable claim under § 1983. *See generally* Batts Complaint; Schmidt Complaint; Benjamin Complaint. Given that Smith's Complaint "is wholly frivolous" and fails to "even approximate a viable claim," we find that granting Smith leave to amend would be futile. *Albert*, 2023 WL 3277774, at *2; *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility

5

when the complaint as amended is still subject to dismissal." (cleaned up)). We also conclude that Smith's "strategy" of filing seventeen incomplete and facially deficient complaints is a malicious abuse of the judicial process, and we deny him leave to amend on this basis as well. *See Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) (affirming the dismissal of a case as "abus[ive] of the judicial process" where "Plaintiff had filed 22 separate suits pursuant to Section 1915").

\* \* \*

We therefore **ORDER AND ADJUDGE** that Smith's consolidated Complaint [ECF No. 1] is **DISMISSED without prejudice** as frivolous and for failure to state a claim. All pending motions are **DENIED** as moot. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on May 9, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Salinas Falun Smith, *pro se*